**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| (1) ANTHONY VANN and | ) | |
| (2) CINDY VANN, | ) | |
| | ) | |
| Plaintiffs, | ) | No. |
| v. | ) | |
| | ) | JUDGE: |
| (1) ALLSTATE VEHICLE AND | ) | |
| PROPERTY INSURANCE COMPANY; | ) | |
| and | ) | |
| (2) A GREAT RATE INSURANCE | ) | |
| AGENCY INC., | ) | |
| | ) | |
| Defendants. | | |

## NOTICE OF REMOVAL

The Petitioner, Allstate Vehicle and Property Insurance Company, Defendant in the above-captioned case, states the following:

1.    Allstate Vehicle and Property Insurance Company ("Allstate") is Defendant in a civil action brought against it in the District Court of Rogers County, State of Oklahoma, on May 7, 2025, and titled *Anthony and Cindy Vann vs. Allstate Vehicle and Property Insurance Company, and A Great Rate Insurance Agency, Inc.,* Case No. CJ-2025-231.

2.    Upon information and belief, at the time of the filing of this action and at present, Plaintiffs were and are residents and citizens of the State of Oklahoma, residing in Rogers County.

3.    At the time of the filing of this action and at present, Allstate was and is a foreign corporation, duly organized and existing under the laws of the State of Illinois and no other state, with its principal place of business in Illinois; it is not a citizen of Oklahoma.

4.    Defendant A Great Rate Insurance Agency, Inc. ("Great Rate") is a corporation organized under the laws of the State of Oklahoma. But even though Defendant Great Rate is a resident of the State of Oklahoma, its citizenship is immaterial because Defendant Great Rate is a fraudulently joined party against whom Plaintiffs do not have "any possibility of recovery." *Smith*

*v. Allstate Vehicle & Prop. Ins. Co.*, No. CIV-14-0018-HE, 2014 WL 1382488, at *1 (W.D. Okla. Apr. 8, 2014) (internal quotation marks omitted). Only properly joined defendants are material for diversity analysis. *See* 28 U.S.C.§ 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." (emphasis added)); 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." (emphasis added)). Therefore, as set forth below and apparent from the Petition, this Court should disregard the alleged citizenship of Defendant Great Rate for purposes of diversity. *Smith*, 2014 WL 1382488 at *4.

5.      As the United States Supreme Court has recognized for well over a century, the right of removal "cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy." *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921). A defendant can prove fraudulent joinder by showing that either: (1) plaintiffs' jurisdictional allegations are fraudulent and made in bad faith; or (2) plaintiffs have no possibility of recovery against the non-diverse defendant. *Gellner v. Progressive N. Ins. Co.*, No. 21-CV-0401-CVE-JFJ, 2021 WL 5789146, at *2 (N.D. Okla. Dec. 7, 2021) (citing *Slover v. Equitable Variable Life Ins. Co.*, 443 F. Supp. 2d 1272, 1279 (N.D. Okla. 2006)). Both grounds exist here.

6.      Defendant Great Rate is not properly joined because there is no "reasonable basis to believe the plaintiff[s] might succeed in at least one claim against [it]." *Nerad v. AstraZeneca Pharms., Inc.*, 203 F. App'x 911, 913 (10th Cir. 2006). Plaintiffs, moreover, have shown fraudulent joinder in the pleading of jurisdictional facts by using a form petition, relied upon by their counsel in numerous other cases against Allstate, that contains allegations that have no application to the

facts and were thus "manufactured simply in an effort to avoid removal to federal court." Order at pp. 2-3, 4, *Goebel v. State Farm Fire & Cas. Co.*, No. CIV-22-0882-HE (W.D. Okla. Jan. 26, 2023), ECF No. 37 (granting jurisdictional discovery prior to resolution of motion to remand noting that allegations in petitions filed by Plaintiffs' counsel were "identical, cookie-cutter allegations of fact in circumstances where no such identical conduct could plausibly be expected"); Order at pp. 3-5, *Goebel*, No. CIV-22-0882-HE (W.D. Okla. Aug. 7, 2023), ECF No. 59 (denying motion to remand finding actual fraud in the pleading of jurisdictional facts); Order at 3-5, *Marino v. State Farm Fire & Cas. Co.*, No. 5:22-cv-00885-HE (W.D. Okla. Aug. 7, 2023), ECF No. 52 (same); Order at pp. 2-5, *Baltasar v. State Farm Fire & Cas. Co.*, No. CIV-22-0928-HE (W.D. Okla. Aug. 8, 2023), ECF No. 26 (same); Order at p. 6, *Rain Drop Foundation, Inc. D/B/A Raindrop Turkish House v. State Farm Fire and Cas. Com.*, No. 5:24-cv-01101-D (W.D. Okla. Feb. 21, 2025), ECF No. 11 (same); Order at p. 7, *Stafford v. State Farm Fire and Cas. Com. and Mike Muecke Insurance Agency, Inc.*, No. 5:25-cv-00008-HE (W.D. Okla. May 27, 2025), ECF No. 25 (same); Order at p. 8, *Gamble v. State Farm Fire and Cas. Com.*, No. 5:25-cv-396-R, (W.D. Okla. July 2, 2025), ECF No. 25 (same).

7.     Plaintiffs purport to sue Defendant Great Rate for negligent procurement of insurance and constructive fraud and negligent misrepresentation. Neither claim has a "basis in the alleged facts." *Nerad*, 203 F. App'x at 913.

8.     Plaintiffs' negligent procurement claim fails because they received the Policy they requested, and no act by their agent caused the damages for which they complain. To prevail on a claim for negligent procurement, "a plaintiff must show that the insurance agent agreed to procure insurance coverage effective as of a certain date and time, or of a certain breadth, and then failed to do so." *Pardue v. Humble Ins. Agency*, No. CIV-14-1049-D, 2016 WL 4275816, at *2 (W.D.

Okla. Aug. 12, 2016) (quoting *Hardison v. Balboa Ins. Co.*, 4 F. App'x 663, 673 (10th Cir. 2001)).

9.    According to the Petition, "Plaintiffs informed GREAT RATE's office of the specific property to be insured, provided all details that GREAT RATE's office requested about the Insured Property, and asked GREAT RATE'S office if it could procure a full replacement cost policy including full replacement coverage for their landscaping." (Exhibit 1, Petition, at ¶ 32). The Petition alleges that the Great Rate Agency "told Plaintiffs it could and would also set the appropriate coverage limits sufficient to replace the property and landscaping." (Ex. 1, Petition, at ¶ 32).

10.    Plaintiffs also allege that they relied "on GREAT RATE's representations" and "trusted and believed GREAT RATE had the requisite insurance agent skills and expertise to properly procure the insurance coverage Plaintiffs requested." (Ex. 1, Petition, ¶ 33). Plaintiffs contend that Defendant Great Rate "breached its duty owed to Plaintiffs" by "[p]rocuring and renewing a Policy which did not accurately reflect the replacement cost of Plaintiffs' Insured Property," "[p]rocuring and renewing a Policy and calculating the coverages that as written, does not provide coverage to fully restore Plaintiffs' Insured Property, in contradiction to what Plaintiffs were promised," and "[r]epresenting to Plaintiffs they had coverage for their trees/landscaping and that the amount of coverage set by GREAT RATE was sufficient to fully replace their landscaping in the event of a loss." (Ex. 1, Petition, at ¶ 35).

11.    The Petition does not allege that damages were caused by Defendant Great Rate's alleged negligent procurement of insurance; it instead alleges that it was injured by Defendant Great Rate's misrepresentations. (Ex. 1, Petition, ¶ 37). However, if Plaintiffs were making the argument that Defendant Great Rate was negligent in its procurement of the Policy, Plaintiffs' negligent procurement of insurance claim still fails.

4

12.    As Plaintiffs' Petition admits, the Policy under which they sue is a replacement cost value ("RCV") policy, rather than an actual cash value ("ACV) policy. (Ex. 1, Petition, ¶ 9). "Replacement cost insurance provides greater coverage than an actual cash value policy and 'is designed to cover the difference between what property is actually worth and what it would cost to rebuild or repair that property.'" *Graves v. Am. Fam. Mut. Ins. Co.*, 686 F. App'x 536, 538 (10th Cir. 2017) (citation omitted). "Under a replacement cost policy, the insured must actually repair or replace the damaged property in order to recover the full replacement cost; otherwise, the insured may recover only the actual cash value.... The reason for this requirement is to prevent an insured from directly profiting through the receipt of cash funds beyond the actual cash value of the loss." *Id*. (citation and internal quotations omitted). *See also Frontline Fellowship, Inc. v. Bhd. MW. Ins. Co.*, No. CIV-21-357-PRW, 2022 WL 16856111, at *3-4 (W.D. Okla. Nov. 10, 2022) (explaining RCV policy in same manner).

13.    The Declarations to Plaintiffs' Policy show that their dwelling coverage was "Dwelling Protection" and included "Roof Surfaces Extended Coverage." (Exhibit 3, Policy, Bates Nos. 0008). The Policy provides that "If **you** do not repair or replace the damaged, destroyed or stolen property, payment will be on an actual cash value basis." (Ex. 3, Policy, Bates No. 0038). "Building Structure Reimbursement. Under **Coverage A – Dwelling Protection** and **Coverage B – Other Structures Protection, we** will make additional payment to reimburse **you** for cost in excess of actual cash value if **you** repair, rebuild, or replace damaged, destroyed or stolen covered property within 180 days of the actual cash value payment." (Ex. 3, Policy, Bates No. 0038). The Policy also includes the Roof Surfaces Extended Coverage, which applies the same RCV to Plaintiff's roof. (Ex. 3, Policy, Bates Nos. 0057). Thus, the fact that Plaintiffs received exactly the policy they claim they requested is fatal to their negligent procurement claims. *See Pardue*, 2016

WL 4275816 at *2; Order at 3, *Thomas v. Helter Mut. Ins. Co.*, No. 5:21-cv-01146-HE (W.D. Okla. Feb. 7, 2022), ECF No. 18 (finding insurer "made a sufficient showing [] to preclude plaintiff relying on negligent procurement claim as a basis for avoiding a fraudulent joinder determination" where plaintiff received RCV policy requested).

14.     Even if the Policy were different than what was requested (and it is not), that is not what caused the partial denial of Plaintiffs' claim and thus is not what caused the alleged injury to Plaintiffs. As with all negligence claims, a required element of a negligent procurement claim is causation. A plaintiff must show he "suffered damages flowing from the breach of the agent's duty of care." *Castens v. Conseco Life Ins. Co.*, 11-CV-628-TCKFHM, 2012 WL 610001, at *2 (N.D. Okla. Feb. 24, 2012). The injury alleged by Plaintiffs from the conduct of the agent and Allstate in this case is the same—failure to pay to replace Plaintiffs' roof, and the damage to the landscaping exceeded the coverage limits. The cause of that alleged injury is Allstate's finding that the damage to the roof did not warrant full replacement and its subsequent partial denial of Plaintiffs' claim. (Ex. 1, Petition, ¶ 15). RCV instead of ACV only matters if there is a loss from a covered peril (otherwise, there is no loss to calculate). (Ex. 3, Policy, Bates No. 0026). Allstate found that the damage to Plaintiffs' roof did not exceed Plaintiffs' deductible, and thus the cost to repair or replace it never arose. This shows that the alleged absence of replacement cost coverage did not injure Plaintiffs and is simply immaterial.

15.     To the extent Plaintiffs allege they did not receive the policy requested because of the alleged "Scheme" by Allstate to deny valid wind and hail claims (Ex. 1, Petition, ¶ 16), as the Court recognized in *Goebel* and *Marino*, that complaint speaks to Allstate's application of the policy language in the claims administration process, which if established, may be a basis for a claim against Allstate but "is something different from proving that the agent failed to deliver the

policy promised." Order at 6, *Marino*, No. 5:22-cv-00885-HE (W.D. Okla. Aug. 7, 2023), ECF No. 52; Order at 6, *Goebel*, No. CIV-22-0882-HE (W.D. Okla. Aug. 7, 2023), ECF No. 59.

16.    Plaintiffs' Petition, like others filed by their counsel, is also replete with confusing and irrelevant allegations regarding Defendant Great Rate's alleged calculation of the replacement cost value of their property. *See, e.g.*, Ex. 1, Petition, ¶¶ 35, 40. They suggest they are underinsured due to their agent's negligence in calculating the value of the house, and the "Policy [], as written, does not provide coverage to fully restore Plaintiffs' Insured Property, in contradiction to what Plaintiffs were promised…." (Ex. 1, Petition, ¶ 35(b)). The Policy makes plain that it was up to Plaintiffs to choose their coverages and limits. (Ex. 3, Policy, at Bates No. 0037) ("**You** agree that it is **your** responsibility to ensure that each of the Limits Of Liability shown on the Policy Declarations are appropriate for **your** insurance needs."). Regardless of who selected the amount of insurance, there is no dispute that Plaintiffs had sufficient coverage to replace their roof. They had $560,627.00 in coverage at the time of the alleged loss. (Ex. 3, Policy, Bates No. 0008). "So, any issue as to coverage amounts did not lead to any of the damages that plaintiffs assert via their claim for damage to the roof." Order at p. 7, *Goebel*, No. CIV-22-0882-HE (W.D. Okla. Aug. 7, 2023), ECF No. 59; *see also* Order at p. 8, *Marino*, No. 5:22-cv-00885-HE (W.D. Okla. Aug. 7, 2023), ECF No. 52.

17.    Plaintiffs' negligent misrepresentation/constructive fraud claim, premised on the same erroneous facts, is implausible for the same and similar reasons. To state a claim for constructive fraud, a plaintiff must allege facts to show (1) defendant owed plaintiff a duty of full disclosure; (2) defendant misstated a fact or failed to disclose a fact to plaintiff; (3) defendant's misstatement or omission was material; (4) plaintiff relied on defendant's material misstatement or omission; and (5) plaintiff suffered damages as a result. *Lillard v. Stockton*, 267 F. Supp. 2d 1081,

1113 (N.D. Okla. 2003). None of these elements exist.

18.     While similar to constructive fraud, the elements of negligent misrepresentation are different. To state a claim for negligent misrepresentation, a plaintiff must allege facts to show (1) that defendant in the course of his profession; (2) supplied false information; (3) through his failure to exercise reasonable care or competence in obtaining or communicating the information; (4) for the guidance of others in their business transactions; (4) who justifiably relied upon the information; (5) to their pecuniary loss. *Stroud v. Arthur Andersen & Co.*, 2001 OK 76, ¶ 34, 37 P.3d 783, 794 (citing Restatement (Second) of Torts § 552 (1977)).[1] The main differences from constructive fraud claims are (1) the defendant need not owe a duty to the plaintiff, and (2) negligent misrepresentation claims cannot be based upon a defendant's silence. *Id.*; *Buford White Lumber Co. Profit Sharing & Sav. Plan & Tr. v. Octagon Props., Ltd.*, 740 F. Supp. 1553, 1562 (W.D. Okla. 1989) (citing Restatement (Second) of Torts § 552 (1977)) ("[A] cause of action for negligent misrepresentations does not apply to omissions."). Once again, Plaintiffs cannot satisfy these elements.

19.     To support this claim, Plaintiffs repeat their allegations that Defendant Great Rate made material misrepresentations. Plaintiffs allege that Defendant Great Rate misrepresented that "the replacement cost valuation (and as calculated by GREAT RACE) was an amount commensurate with supported valuation calculations that were necessary for Plaintiffs to replace their Insured Property in the event of a loss," and "Allstate would pay to fully replace damages their Insured Property in the event of a loss." (Ex. 1, Petition, ¶ 40). Plaintiffs contend they were

---

[1] Even though there is no statute directly addressing negligent misrepresentation as a tort under Oklahoma law, the Oklahoma Supreme Court held that the "common law remains in full force unless a statute explicitly provides to the contrary." *Stroud* at 793. The Oklahoma Supreme Court goes on to state that negligent misrepresentation as defined in the Restatement (Second) of Torts is determinative. *Id* at 794.

injured by these misrepresentations and "sustained damages, including deprivation of monies rightfully belonging to them." (Ex. 1, Petition, ¶ 44). However, the only "deprivation of monies" alleged in the 44 paragraphs of the Petition was Allstate's refusal to pay to replace Plaintiff's roof, and for damages to the trees and landscaping of Plaintiffs' property. (Ex. 1, Petition, ¶¶ 15).

20.    Any statement, if made, by Defendant Great Rate that the procured Policy would provide "replacement cost coverage" would be true, because Plaintiffs were issued a replacement cost Policy that covers accidental direct physical loss. (Ex. 3, Policy, Bates No. 0026) ("We will cover sudden and accidental direct physical loss to property…."). *Id*. Accordingly, such statements are not a misstatement of a fact or false information sufficient to satisfy a constructive fraud or negligent misrepresentation cause of action. *Lillard* at 1113; *See Stroud* at 794.

21.    Plaintiffs also cannot establish the existence of a "legal or equitable duty" on the part of Defendant Great Rate as required to state a claim for constructive fraud. The only duty alleged is a "duty to exercise reasonable diligence and skill in obtaining and accurately notifying Plaintiffs of the nature and character of the insurance procured." (Ex. 1, Petition, ¶ 40). This Court has found those same general allegations regarding the duties of an insurance agent insufficient. *Country Gold, Inc. v. State Auto Prop. & Cas. Co.*, No. CIV-14-1398-D, 2015 WL 431638, at *4 (W.D. Okla. Feb. 2, 2015). The duty from which a negligent procurement theory arises, "to act in good faith and to exercise reasonable care, skill and diligence in the procurement of insurance," does not automatically establish the "legal or equitable" duty required for a constructive fraud claim. *See, e.g.*, *Siddique v. W. Heritage Ins. Co.*, No. CIV-14-456-SPS, 2015 WL 2451734, at *3 (E.D. Okla. May 21, 2015).

22.    As with the negligent procurement claim, Plaintiffs' Petition further demonstrates that the damages alleged were not caused by the purported misstatements, and thus, the element

of causation required to establish constructive fraud/negligent misrepresentation is absent, too. The only injury alleged by Plaintiffs for any claim is that "[a]s a result of Defendants' [conduct]"—not Great Rate Agency alone—"Plaintiffs have sustained damages, including deprivation of monies rightfully belonging to them, and anger, stress, worry, [and] physical and emotional suffering." (Ex. 1, Petition, ¶ 44; *See also id*. at ¶ 28 (bad faith claim); *id*. at ¶ 38 (negligent procurement claim)). Plaintiffs suffered no damage from the alleged misrepresentations because none are the reason for the claim denial. The only "deprivation of monies" identified (or even plausible) was Allstate's refusal to pay to replace Plaintiffs' roof as it found the damage fell below Plaintiffs' deductible, and failure to pay for damage to trees and landscaping. That decision had nothing to do with whether Plaintiff had RCV coverage or how Allstate pays a claim under RCV provisions.

23. This is one of numerous cases against insurance companies filed by Plaintiff's attorneys alleging that dozens of different agents from multiple different companies made identical misrepresentations and committed identical underwriting failures, based on which those Oklahoma-based agents are also sued. In *Marino* and *Goebel*, Judge Heaton recognized the implausibility that different agents made the same statements and engaged in the same alleged misconduct in all the same ways and thus granted State Farm's motion to conduct jurisdictional discovery in defense against Plaintiffs' Motion to Remand. Order at 3-4, *Goebel*, No. CIV-22-0882-HE (W.D. Okla. Jan. 26, 2023), ECF No. 37 ("In short, the allegations are identical, cookie-cutter allegations of fact in circumstances where no such identical conduct could plausibly be expected."). Discovery proved that these allegations were manufactured in an attempt to state a claim against the agents and avoid federal court, and thus, the motions to remand were denied. Order at 3-5, *Goebel*, No. CIV-22-0882-HE (W.D. Okla. Aug. 7, 2023), ECF No. 59 (denying motion to remand finding actual fraud in the pleading of jurisdictional facts and noting the cookie-

cutter "petition filed by plaintiffs [wa]s replete with false statements" and there was "no good faith basis for a substantial portion of the facts alleged and which [were] relied on in an effort to state a claim against the resident defendant"); Order at 3-5, *Marino v. State Farm Fire & Cas. Co.*, No. 5:22-cv-00885-HE (W.D. Okla. Aug. 7, 2023), ECF No. 52 (denying motion to remand, observing: "[t]here are, in short, multiple allegations going to the potential liability of [the agent] for which there is zero evidence, indicating that those allegations were made without a valid, good faith basis. The court is left with the firm impression that many, and perhaps most, of the significant factual allegations as to [the agent] were included because they met someone's formulaic view of what a court might accept as a basis for claim against [the agent], not because there was a real factual basis for them. Those circumstances support viewing [the agent] as fraudulently joined on the basis of the first potential grounds for doing so—actual fraud in the pleading of at least some of the jurisdictional facts."); Order at 2-5, *Baltasar v. State Farm Fire & Cas. Co.*, No. CIV-22-0928-HE (W.D. Okla. Aug. 8, 2023), ECF No. 26 (denying motion to remand, "caution[ing] plaintiff's counsel that the filing of a pleading in this court containing false and/or inaccurate statements like those discussed above is likely to result in significant sanctions" and observing: "[p]lainly, many of the central allegations here as to [the agent] not only lack evidentiary support—they are simply false. No presumption against removal jurisdiction can or should insulate a plaintiff from misrepresentations like those involved here, and the court declines to allow plaintiff to now attempt to create some new set of theories based on different facts from those initially alleged"); Order at 6, *Rain Drop Foundation, Inc. D/B/A Raindrop Turkish House v. State Farm Fire and Cas. Com.*, No. 5:24-cv-01101-D (W.D. Okla. Feb. 21, 2025), ECF No. 11); (denying motion to remand, "courts should not 'play plaintiff's—more accurately plaintiff's counsels—game.'").

24.     While Plaintiffs' counsel has attempted to "water down" the very specific language

that every agent purportedly used as stated in their many other filings, the substantive duplication, implausibility, and import remain unchanged. Plaintiffs have no plausible claim against Defendant Great Rate. *Cf Daily v. USAA Casualty Ins. Co.*, No. CIV-14-0550-HE, 2014 WL 12729172, at *2 (W.D. Okla. Nov. 19, 2014) (reasoning that Plaintiffs' counsel's "use of identical pleadings in multiple similar cases" alone cast doubt on their ability to state a claim against the defendants). Plaintiff's counsel has chosen to baselessly accuse Defendant Great Race—along with dozens of other hard-working Oklahoma agents, whose careers and livelihoods depend on their good name— of negligence and fraud, solely so they can destroy diversity and litigate against Allstate in a more favorable forum. This is not how the legal system is supposed to work, nor will the law or facts permit it.

25.     Consent to removal is only required from "defendants who have been properly joined and served." 28 U.S.C. § 1446(b)(2)(a). Thus, consent by Defendant Great Rate is not required. However, to the extent consent is required, Defendant Great Rate agrees to removal. Indeed, as an improperly joined party, Defendant Great Rate is not subject to this Court's jurisdiction, and Plaintiffs' claims against it must be dismissed. *Albert v. Smith's Food & Drug Ctrs., Inc.*, 356 F.3d 1242, 1249 (10th Cir. 2004); *Hicks v. FG Mins. LLC*, No. CIV-19-203-TDD, 2020 WL 2104928, at *6 (E.D. Okla. May 1, 2020); *Jonnada v. Liberty Ins. Corp.*, No. CIV-19-456-D, 2019 WL 6119233, at *5 (W.D. Okla. Nov. 18, 2019).

26.     Plaintiffs claim to be entitled to recover "[a]ctual and punitive damages each in an amount in excess of $75,000.00." (Ex. 1, Petition, Wherefore Paragraph, p. 10). Therefore, the amount in controversy requirement imposed by 28 U.S.C. § 1332 is met.

27.     This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332 (1992), by reason of the fact that this is a civil action wherein the amount in controversy, according

to Plaintiffs' demands, exceeds Seventy-Five Thousand and No/100ths Dollars ($75,000.00), exclusive of interest and costs and is between citizens of different states. Accordingly, this action may be removed by Allstate pursuant to 28 U.S.C. § 1441(a).

28.    Upon information and belief, Allstate was served with the Petition on June 20, 2025, by service from the Oklahoma Insurance Department to Defendant Allstate. This Notice of Removal is, therefore, timely under the provisions of 28 U.S.C. § 1446(b). A copy of the Summons is attached hereto as Exhibit 2.

29.    A copy of the docket sheet and copies of all process, pleadings, and orders filed or served upon Allstate in the aforementioned state action are attached hereto, made a part hereof, and marked as:

Exhibit 1 – Petition;
Exhibit **Error! Reference source not found.** – Summons - Allstate;
Exhibit 2 – Policy;
Exhibit 3 – Defendant A Great Rate Insurance Agency's Motion to Dismiss;
Exhibit 5 – Entry of Appearance J. Andrew Brown;
Exhibit 6 – Entry of Appearance of Andrew Wakeman;
Exhibit 7 – State Court docket sheet.

**WHEREFORE**, Defendant Allstate Vehicle and Property Insurance Company prays that this action be removed.

Dated this 10th day of July, 2025.

Respectfully submitted,

**ATKINSON, BRITTINGHAM,
GLADD, FIASCO & EDMONDS**
A PROFESSIONAL CORPORATION

\s\ J. Andrew Brown
J. Andrew Brown, OBA #22504
Andrew G. Wakeman, OBA #21393
1500 ParkCentre
525 South Main
Tulsa, OK 74103-4524
Telephone:  (918) 582-8877
Facsimile:  (918) 585-8096
Email: dbrown@abg-oklaw.com
Email: awakeman@abg-oklaw.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th of July, 2025, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Sheldon Smith
222 INJURY LAWYERS
1217 E 33rd St
Tulsa OK 74105

And

J. Revell Parrish, Esq.
GLASS & TABOR, LLP
1601 36th Avenue NW
Norman, OK  73072-3271
*Attorneys for Plaintiff*

\s\ J. Andrew Brown