**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **ANTHONY VANN;**<br>**CINDY VANN,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY;**<br>**A GREAT RATE INSURANCE AGENCY, INC.,**<br><br>**Defendants.** | **Case No. 25-CV-00362-SEH-SH** |

**OPINION AND ORDER**

Before the Court is a motion to remand, filed by Plaintiffs Anthony and Cindy Vann. [ECF No. 19]. For the reasons stated below, the motion is granted in part, and the Court remands this case back to the Rogers County District Court.

## I. Background

In May 2024, a powerful storm struck Plaintiffs' home and damaged their roof and landscaping.[1] [ECF No. 1-1 at 2]. This suit arises from Plaintiffs' attempts to collect insurance benefits for damage resulting from that storm.

---

[1] The facts alleged in Plaintiff's state court petition [ECF No. 1-1] are accepted as true for purposes of this Opinion and Order. *See Flowers v. EZPawn Oklahoma, Inc.*, 307 F. Supp. 2d 1191, 1206 (N.D. Okla. Feb. 3, 2004) (recognizing that the Court must "take the allegations as true for purposes of the motion to remand").

[*Id.* at 3–4].

At the time, Plaintiffs held a homeowners' policy issued by Defendant Allstate Vehicle and Property Insurance Company ("Allstate"). [ECF No. 1-1 at 2]. Plaintiffs obtained the policy through Defendant A Great Rate Insurance Agency, Inc. ("Great Rate"), which sold insurance policies on Allstate's behalf. [*Id.* at 1–2]. Plaintiffs allegedly requested "a replacement policy" that would "fully replace their property and landscaping in the event of a loss." [*Id.* at 2]. Great Rate assured Plaintiffs "it would procure a policy … whereby the limits of coverage … would be enough to fully replace Plaintiffs' [property]." [*Id.*]

After the storm struck their home, Plaintiffs timely filed an insurance claim with Allstate. [ECF No. 1-1 at 3]. Allstate dispatched a third-party agent to inspect Plaintiffs' roof. [*Id.*]. Allstate allegedly directed Plaintiffs to send it repair quotes, and Plaintiffs obtained estimates from two professionals. [*See id.*; ECF No. 19-1 (GoldenRite Estimate); ECF No. 22-3 (Smalygo Estimate)].[2] However, Allstate "told Plaintiffs that the roof could be patched[,]" [ECF No. 1-1 at 3], and estimated that the cost to repair the roof was $2,088.42. [ECF No. 22 at 8]. After receiving one of Plaintiffs' own repair

---

[2] The Court may consider the entire record when evaluating an allegation of fraudulent joinder. *See Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964) ("upon specific allegations of fraudulent joinder the court may pierce the pleadings").

estimates, Allstate amended its estimate to $4,129.09 to include the additional cost of repairing Plaintiffs' landscaping. [*See* ECF No. 22 at 8–9]. Because this fell below Plaintiffs' $5,606 deductible for wind and hail storms, Allstate issued no payment to Plaintiffs on their insurance claim. [*See id.*; ECF No. 1-1 at 3]. Plaintiffs also allege that, unbeknownst to them, their policy "capped the total amount paid for their landscaping loss at 5% of their dwelling protection." [ECF No. 19 at 2 (citing ECF No. 1-3 at 36)]. "In total, removing all the trees exceeded Plaintiffs' coverage by over $14,000, without including anything to actually replace the trees." [*Id.* (citing ECF No. 19-1 at 6 (GoldenRite Estimate); ECF No. 1-3 at 36)].

Plaintiffs sued Defendants in the Rogers County District Court and asserted breach of contract and breach of the duty of good faith and fair dealing against Allstate. [ECF No. 1-1 at 4–7]. Plaintiffs also asserted a negligent procurement claim against Great Rate (and vicariously against Allstate), and a constructive fraud and negligent misrepresentation claim against Great Rate. [*Id.* at 7–10]. Allstate removed the action to this Court, arguing that Plaintiffs fraudulently joined Great Rate to avoid diversity

jurisdiction.[3] [ECF No. 1]. Plaintiffs move to remand this action back to state court. [ECF No. 19].

## II. Discussion

### *A. Fraudulent Joinder Principles*

"Federal courts are courts of limited jurisdiction; they must have a statutory basis for their jurisdiction." *Dutcher v. Matheson*, 733 F.3d 980, 984 (10th Cir. 2013) (citation omitted). The federal removal statute permits a defendant to remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[.]" 28 U.S.C. § 1441(a). This includes when the district court has diversity jurisdiction, which requires the amount in controversy to exceed $75,000 and the parties to be citizens of different states. 28 U.S.C. § 1332(a)(1). "Complete diversity is lacking when any of the plaintiffs has the same [citizenship] as even a single defendant." *Dutcher*, 733 F.3d at 987.

Although a court typically "evaluates the propriety of a removal by determining whether the allegations on the face of the complaint satisfy the jurisdictional requirements, fraudulent joinder claims are assertions that the pleadings are deceptive." *Nerad v. AstraZeneca Pharms., Inc.*, 203 F. App'x

[3] The parties do not appear to dispute that Great Rate "is a corporation organized under the laws of the State of Oklahoma" and is therefore an Oklahoma citizen for diversity purposes under 28 U.S.C. § 1332(a)(1). [ECF No. 1 at 1].

911, 913 (10th Cir. 2006).[4] To show that a defendant has been fraudulently joined, the removing party "must demonstrate either: (1) actual fraud in the pleading of the jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Dutcher*, 733 F.3d at 988 (citation omitted); *see Mayes Cnty. FOP Lodge #116, Inc. v. Farmers Ins. Exch.*, No. 19-CV-687, 2020 WL 6136236, at *3 (N.D. Okla. Oct. 19, 2020) ("[T]he party asserting federal jurisdiction must show that the plaintiff would have no possibility of recovery against the defendant."). When either occurs, the district court disregards the fraudulently joined party "for purposes of assessing complete diversity." *Dutcher*, 733 F.3d at 988.

"The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." *Dutcher*, 733 F.3d at 988 (citation omitted); *see also Montano v. Allstate Indem.*, 211 F.3d 1278 (Table), 2000 WL 525592, at *2 (10th Cir. Apr. 14, 2000) (citation omitted) ("This standard is more exacting than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6)[.]"). In deciding, the court may "pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Nerad*, 203 F. App'x at 913 (quoting *Dodd*, 329 F.2d at 85).

[4] Unpublished decisions are not precedential, but they may be cited for their persuasive value. *See* Fed. R. App. 32.1.

### *B. Allstate fails to demonstrate actual fraud in the pleading of jurisdictional facts.*

Allstate advances both fraudulent joinder theories. [*See* ECF No. 1 at 2–3]. It argues that Plaintiffs committed actual fraud by "using a form petition, relied upon by their counsel in numerous other cases against Allstate, that contains allegations that have no application to the facts …." [*Id.*]. Allstate further asserts that "[t]he fraudulent nature of the [complaint][5] is clear from the limited record and facts of the case …." [ECF No. 22 at 27]. As examples of allegations that contradict the evidence, Allstate contends that "Plaintiffs did not file a claim for loss of their trees, nor did they comply with the policy or Allstate's requests for documentation of the damages …." [*Id.*]. In summary, Allstate argues that "[r]emand cannot be based on a sham." [*Id.* (citing *Smoot v. Chicago, R.I. & P. R. Co.*, 378 F.2d 879, 881–82 (10th Cir. 1967))].

The Court is not persuaded that Allstate has met its heavy burden of demonstrating actual fraud in the pleadings. Allstate correctly notes that federal courts in Oklahoma have expressed reservations about plaintiffs' counsel using "nearly identical allegations" in multiple cases against the same defendants. *Norman v. State Farm Fire & Cas. Co.*, 764 F. Supp. 3d

[5] Although Plaintiffs filed a petition in state court, in the interest of clarity and consistency with the Federal Rules of Civil Procedure, the Court will refer to Plaintiffs' petition as the "complaint."

1100, 1104 (W.D. Okla. 2025). However, that alone is insufficient to find fraud in the pleadings. *See, e.g.*, *Rain Drop Found., Inc. v. State Farm Fire & Cas. Co.*, 24-CV-1101, 2025 WL 582562, at *2 (W.D. Okla. Feb. 21, 2025); *Norman*, 764 F. Supp. 3d at 1104–05.

Nor is the Court convinced that the "allegations … have no application to the facts." [ECF No. 1 at 2–3]. Plaintiffs are not required at the pleading stage to come forth with evidence substantiating their allegations. *See Ind. Nat'l Bank v. State Dep't of Human Servs.*, 880 P.2d 371, 375 (Okla. 1994) (quoting 12 O.S. § 2008(A)(1)(2)) (Oklahoma requires a "pleading [to] contain a short and plain statement of the claim showing that the pleader is entitled to relief; and a demand for judgment for the relief to which he deems himself entitled"). The allegations that Allstate contends have no basis in the facts are better characterized as factual disputes between the parties. For example, Allstate argues that Plaintiffs filed an insurance claim for damage to "their roof, shingles, decking, and gutters" but not to their landscaping. [ECF No. 22 at 12]. Plaintiffs no doubt argue that their later inclusion of an invoice for tree removal and landscaping costs evidences an insurance claim for landscaping. [*See* ECF No. 23 at 1–2]. That is a factual dispute, not fraud.

Discovery may eventually substantiate Allstate's fraud allegations, but the Court cannot "pre-try the merits of a plaintiff's claims against a resident defendant" at this stage. *Misner v. State Farm Fire & Co.*, 14-CV-873, 2015

WL 789160, at *2 (W.D. Okla. Feb. 24, 2015) (citing *Smoot,* 378 F.2d at 882). Allstate "bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of [Plaintiffs]." *Id.* (quoting *Dutcher*, 733 F.3d at 988). Allstate has not met its heavy burden of demonstrating actual fraud in Plaintiffs' pleading of jurisdictional facts.

### ***C. Allstate fails to demonstrate that Plaintiffs are unable to establish a cause of action against Great Rate in state court.***

Allstate next argues that Plaintiffs are unable to establish negligent procurement and constructive fraud/negligent misrepresentation claims against Great Rate in state court. [*See* ECF No. 1 at 3–10]. As to negligent procurement, Allstate specifically argues that Plaintiffs' claim fails because "they received the Policy they requested, and no act by their agent caused the damages for which they complain." [ECF No. 1 at 3; *see also* ECF No. 22 at 10–18].[6]

In Oklahoma, "[a]n agent has the duty to act in good faith and use reasonable care, skill and diligence in the procurement of insurance and an agent is liable to the insured if, by the agent's fault, insurance is not procured as promised and the insured suffers a loss." *Swickey v. Silvey Companies*, 979 P.2d 266, 269 (Okla. Civ. App. 1999). To discharge that duty, agents "need

[6] In its response in opposition to the motion to remand, Allstate also argues that Plaintiffs never filed an insurance claim for damage to their landscaping. For the reasons stated above, that is a factual issue that the Court must resolve in Plaintiffs' favor. *See Dutcher*, 733 F.3d at 988.

only offer coverage mandated by law and coverage for needs that are disclosed by the insureds[.]" *Rotan v. Farmers Ins. Grp. of Companies, Inc.*, 83 P.3d 894, 895 (Okla. Civ. App. 2003). Agents do not have a duty to provide an "adequate amount" of coverage or to "advise an insured with respect to his insurance needs." *Cosper v. Farmers Ins. Co.*, 309 P.3d 147, 149 (Okla. Civ. App. 2013) (quoting *Rotan*, 83 P.3d at 895).

Resolving all factual issues in their favor, Plaintiffs have pleaded a viable negligent procurement claim as to their landscaping coverage. Plaintiffs allege that they "specifically requested a policy that would fully replace their … landscaping in the event of a loss." [ECF No. 1-1 at 2]. They allegedly requested coverage for "costs associated [with] tree removal and replacement." [*Id.*]. What they received was something completely different: "Great Rate included only the standard landscaping provision that … capped the loss of each of their trees to only [$500] (including the cost to simply have the debris removed) and capped the total amount paid for their landscaping loss at 5% of their dwelling protection." [ECF No. 19 at 2 (citing ECF No. 1-3 at 36)].

Contrary to Allstate's position, this is not a case where the plaintiffs' only grievance is that their policy failed to pay benefits simply because their deductible exceeded the cost of damage. *Cf. Keely v. State Farm Fire & Cas. Co.*, 25-CV-663, 2026 WL 1726272, at *2 (N.D. Okla. June 15, 2026)

("Oklahoma would not countenance … negligent procurement [claims] against insurance agents or agencies where a plaintiff requests and obtains a replacement-value policy but later challenges the sufficiency of the policy because some or all of his losses are ultimately excluded from coverage."); *Layer v. State Farm Fire & Cas. Co.*, 25-CV-401, 2026 WL 265805, at *3 (N.D. Okla. Feb. 2, 2026) (no negligent procurement claim where plaintiffs' only allegation was "that the coverage they obtained was ultimately insufficient for their purposes"). Rather, Plaintiffs allege they received a different *type* of policy than the specific one they requested. *See Wedin v. Allstate Vehicle & Prop. Ins. Co.*, 23-CV-0348, 2023 WL 6806995, at *3 (N.D. Okla. Oct. 16, 2023) (plaintiffs' request for full replacement roof coverage "is not a general request for full coverage or adequate protection; rather, this is a specific coverage need disclosed by plaintiffs to [the agent]"). Plaintiffs charged Great Rate with procuring landscaping coverage that would fully cover the costs to remove and replace any damaged trees. By the very terms of the policy, Great Rate failed to do so. [*See* ECF No. 1-3 at 36 ("We will pay up to 5% of the Limit Of Liability shown on the Policy Declarations under Dwelling Protection– Coverage A for loss to trees, shrubs, plants and lawns at the address of the residence premises. We will not pay more than $500 for any one tree, shrub, or plant, including expenses incurred for removing debris.")].

Resolving all factual disputes in their favor, Plaintiffs sufficiently allege that Great Rate breached its duty of care. *See Swickey*, 979 P.2d at 269.

Allstate also argues that there are no "damages that flowed from any act or omission of Great Rate." [ECF No. 22 at 16]. In its view, any purported injury to Plaintiffs was caused by Allstate's own investigation and evaluation of Plaintiffs' claim. [*See id.* ("Allstate has never issued a denial regarding Plaintiffs' landscaping.")]. Allstate is correct that its partial denial of Plaintiffs' insurance claim under the policy procured could not form the basis of a negligent procurement claim against Great Rate. *See Lewis v. State Farm Fire & Cas. Co.*, 25-CV-0274, 2026 WL 179888, at *5 (N.D. Okla. Jan. 22, 2026) ("[P]laintiff fails to establish a nexus between [the agent's] representations regarding her policy's coverage and State Farm's coverage determination that the hail storm caused minimal damage to her roof such that her deductible was not met."). But Plaintiffs allege that they requested a different type of coverage that would have paid significantly more benefits but for Great Rate's failure to procure it. Under these circumstances, Great Rate's alleged negligence undoubtably caused Plaintiffs harm. *See, e.g.*, *Jackson v. State Farm Fire & Cas. Co.*, 647 F. Supp. 3d 1195, 1200 (W.D. Okla. 2022) (rejecting defendant's argument that plaintiffs were not harmed by the agent's failure to procure a particular type of policy but by the

insurer's adjustment of a covered loss because plaintiffs alleged they discussed specialized coverage with the agent that they never received).

The Court finds that Plaintiffs can establish a negligent procurement claim against Great Rate in state court.[7] As such, Allstate has failed to meet its heavy burden of establishing fraudulent joinder on both theories. Because Plaintiffs and Great Rate are both Oklahoma citizens, the Court lacks subject matter jurisdiction and must remand.

***D. Plaintiffs are not entitled to attorney's fees and costs.***

Plaintiffs request that this Court award them attorney's fees and costs incurred because of Allstate's removal. [ECF No. 19 at 18–19]. "An order remanding the case *may* require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c) (emphasis added). As demonstrated by § 1447(c)'s use of the word "may," the award of costs and fees is a matter of judicial discretion. *See Topeka Hous. Auth. v. Johnson*, 404 F.3d 1245, 1248 (10th Cir. 2005). But Allstate is correct that the Supreme Court has cautioned against awarding costs and fees in remand orders "when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005); *see also Oliver v. State Farm Fire & Cas. Co.*, 765 F. Supp. 3d

[7] Because the Court finds that Plaintiffs can establish a negligent procurement claim against Great Rate in state court, the Court does not reach Allstate's arguments about the constructive fraud and negligent misrepresentation claim.

1244, 1251–52 (W.D. Okla. 2025). Though Plaintiffs contend they "indisputably alleged sufficient facts" to establish a state-law cause of action against Great Rate, the Court disagrees. Allstate failed to meet its heavy burden of demonstrating fraudulent joinder, but it had an objectively reasonable basis for seeking removal. *See Oliver*, 765 F. Supp. 3d at 1251. The Court declines to award Plaintiffs attorney's fees and costs.

**III. Conclusion**

For the reasons stated above, Plaintiffs' Motion to Remand [ECF No. 19] is GRANTED in part and DENIED in part. Plaintiffs' motion is denied as to their request for fees and costs. This case is REMANDED to the District Court of Rogers County, State of Oklahoma. The Court directs the Clerk of Court to remand this case back to the Rogers County District Court.

DATED this 4th day of November, 2026.

Sara Hill

Sara E. Hill
UNITED STATES DISTRICT JUDGE